CARVANIO v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Term. June 22, 1903.)

1. STREET RAILROADS—TRAVELER ON THE STREET—INJURIES—CONTRIBUTORY NEGLIGENCE.

A traveler crossing a street car track *held* guilty of contributory negligence precluding a recovery for injuries sustained to his horse and wagon by being struck by a car.

Appeal from Municipal Court, Borough of Manhattan.

Action by Bernardo Carvanio against the Union Railway Company of New York City. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry A. Robinson, for appellant.
McNulty & Pratt, for respondent.

FREEDMAN, P. J. This is an action for injuries to personal property alleged to have been occasioned by the negligence of the defendant. Plaintiff's servant in charge of one horse and a wagon was driving north on the east side of Third avenue in the borough of the Bronx. His destination was a point upon Cortlandt avenue. As he reached a point near 146th street, he turned westerly to cross defendant's tracks. His testimony is as follows:

"Just while we were about to cross, I looked back, and a car was approaching at 145th street. That was about 175 or 200 feet away. Then I looked back, and we went across. Then I saw another car coming down south from the north. It was bound south, and it was going fast, and I thought I did not have time, and I stopped there at the track, at the right-hand side. * * * I stopped to let the north-bound [south-bound] car through. I stopped at the right-hand side of the track. The horse was on the track when I stopped. I stopped at the right-hand side of the south-bound track and on the north-bound track. My horse was on that track."

The wagon was struck by the north-bound car, and the horse and wagon injured. The witness further testified that he was familiar with the locality; that he did not look for the car, after he saw it at or near 145th street, until after he was struck by it, and that after he drove upon the north-bound track he remained standing there "about half a minute" before proceeding, and that there was nothing to prevent his swinging his horse in an easterly direction into Third avenue, and off the northerly track. I am of the opinion that the driver of the wagon was guilty of contributory negligence. He made no use of his sense of sight that a person of ordinary prudence should have made under the circumstances. When he went upon the track, he

knew a north-bound car was approaching from a point 175 to 200 feet away. He did not look again, but waited in a dangerous situation for a south-bound car to pass. Had he again looked at the approaching north-bound car, he undoubtedly could have avoided the collision by swinging his horse to the east side of Third avenue.

As was said in Du Frane v. Met. St. Ry. Co. (Sup.) 82 N. Y. Supp. 1–5:

"If a pedestrian reaches the track in time to cross it in safety, provided the speed of an approaching car be not increased, he cannot be said to be negligent in proceeding; but if it is apparent to him, or would be to a person of ordinary prudence exercising ordinary care, that the car will inevitably overtake him unless the speed is slackened, then it is not prudent for him to proceed, even though it be the duty of the motorman to slow down or stop to enable him to cross."

In the case at bar the driver evidently, and, no doubt, properly, assumed when he went upon defendants' north-bound track that he had sufficient time to cross ahead of the north-bound car; but, after observing that he must stop in order to allow a south-bound car to pass before he could proceed, he should again have looked, and ascertained the proximity of the approaching north-bound car, in order to avoid, if possible, any collision. Failure to do this under the circumstances was negligence on his part.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.